Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DION ELLISON,

        Plaintiff,

        v.

OFFICER BRIGANTI,

        Defendant.

Civil Action No.: 21-20169 (ES) (JRA)

OPINION

**SALAS, DISTRICT JUDGE**

Plaintiff Dion Ellison is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* D.E. No. 1 ("Complaint" or "Compl.")). The Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(a) to determine whether the Court should dismiss it as frivolous or malicious, for failure to state a claim upon which the Court may grant relief, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons below, the Court dismisses the Complaint without prejudice.

**I.    BACKGROUND**[1]

This case arises from an alleged assault on Plaintiff by Officer Briganti, a correctional officer at the Essex County Correctional Facility. (*See* Compl.). Plaintiff alleges that, on August 11, 2021, officials charged him with assaulting an officer and placed him "in lock up." (*Id.* at 5). According to Plaintiff, however, on August 12, 2021, several officers told him that they had watched a video and saw that Officer Briganti had in fact assaulted him. (*See id.*). The officers

---

[1] The Court construes the factual allegations of the Complaint as true for the purpose of this Opinion. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Citations to the Complaint refer to the pagination automatically generated by the Court's electronic filing system.

told Plaintiff that they were going to help him, but, instead, they lodged additional charges against him and placed him back in lock up. (*See id.*). Likewise, Plaintiff alleges that, on August 17, 2021, Internal Affairs Supervisor Ms. Williams and another, unnamed supervisor took Plaintiff's statement and documented his injuries but placed him back in lock up. (*See id.*). Officials released Plaintiff back into general custody on August 18, 2021. (*See id.*).

Plaintiff initiated this action by filing the Complaint with this Court on November 22, 2021. (*See id.*). The Complaint names Officer Briganti as the sole defendant. (*See id.* at 1, 3).

**II.   STANDARDS OF REVIEW**

District Courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or in which a prisoner seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(a). District Courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A(a) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *See Phillips*, 515 F.3d at 233.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Iqbal*, 556 U.S. at 678. While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citations omitted).

### III.   DISCUSSION

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. (*See* Compl.). To state a claim for relief under Section 1983, a plaintiff must allege: (i) that the conduct complained of was committed by a person acting under color of state law; and (ii) that the conduct deprived the plaintiff of a federally secured right. *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993). As it is not clear from the Complaint whether Plaintiff is a convicted inmate or a pretrial detainee, the Court construes the Complaint as asserting either an Eighth or Fourteenth Amendment excessive force claim against Officer Briganti.

The Eighth Amendment's prohibition against cruel and unusual punishment protects inmates from the excessive use of force by prison guards during post-conviction incarceration. *See Graham v. Connor*, 490 U.S. 386, 394 (1989). Force amounts to cruel and unusual punishment under the Eighth Amendment when it is used "maliciously and sadistically for the very purpose of causing harm" instead of "in a good faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)).

In contrast, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees from the use of excessive force. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). To state a claim under the Fourteenth Amendment, "a pretrial detainee must show only that the force

purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

In this case, regardless of whether the claim arises under the Eighth or Fourteenth Amendment, Plaintiff fails to state a claim for relief because he fails to allege or plead sufficient facts for the Court to infer reasonably that Officer Briganti used force against him maliciously and sadistically, *see Hudson*, 503 U.S. at 6, or that the force Officer Briganti allegedly applied was objectively unreasonable, *see Kingsley*, 576 U.S. at 397. In fact, the Complaint is completely devoid of details about how Officer Briganti assaulted him, the circumstances surrounding the assault, or the extent of Plaintiff's injuries. (*See id.*) Accordingly, the Complaint fails to state a claim for relief. *See Iqbal*, 556 U.S. at 678.

### IV.   CONCLUSION

For the reasons stated above, the Court dismisses the Complaint without prejudice. An appropriate order follows.

Dated: January 27, 2023

_____
**Hon. Esther Salas, U.S.D.J.**